# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1231V
Filed: October 29, 2018
Not to be Published.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| AZIEB KIDANE,        * | |
|                               * | |
|       Petitioner,     * | |
| * | Influenza ("flu") vaccine; |
| v.                                 * | unspecified reaction; statute of |
| * | limitations; failure to prosecute; |
| SECRETARY OF HEALTH       * | failure to make prima facie case |
| AND HUMAN SERVICES,        * | |
| * | |
|       Respondent.     * | |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Caryn S. Fennell</u>, Woodstock, GA, for petitioner.
<u>Amy P. Kokot</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DISMISSAL DECISION[1]

On September 12, 2017, petitioner filed a petition pro se under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that an influenza ("flu") vaccination she received on September 1, 2014 caused her an unspecified adverse reaction.

On November 9, 2017, the undersigned held a telephonic status conference with petitioner and respondent's counsel. Petitioner said she had a reaction to her flu vaccination the next day, i.e., on September 2, 2014, consisting of vomiting, heartburn, and fever. She said she went to her physician on September 3, 2014. She claimed to still be sick. She said her doctor

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. **This means the decision will be available to anyone with access to the Internet.** When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

said she had a sinus infection.  Petitioner said she did not know it was the vaccination that caused it.  It may have started in 2014 but worsened in 2015.

Petitioner has not filed proof of vaccination or medical records from her treating physician in 2014, although medical records from Regions Hospital list a series of flu vaccinations, including one on September 1, 2014.  Med. recs. Ex. 1, at 6.  If the symptoms of her alleged reaction occurred on September 2, 2014, the statute of limitations bars her case because she filed over three years after the onset.  42 U.S.C. § 300aa-16(a)(2).

On October 29, 2018, the undersigned held a telephonic status conference with counsel.  Petitioner had retained counsel who filed her medical records.  Petitioner's counsel said that she could not receive any responses from petitioner although counsel had made repeated efforts.  Therefore, petitioner's counsel was not going to be filing any more records.

## FACTS

On October 21, 2014, according to medical records from Regions Hospital, petitioner was diagnosed with physical deconditioning, back pain, and right hip pain.  Med. recs. Ex. 1, at 7.  This is seven weeks after petitioner's 2014 flu vaccination.  Petitioner received physical therapy in a pool.  Petitioner told physical therapist Greta L. Wolf that she is unsure what triggered her attacks.  She tried the pool about seven years earlier and had about one year of relief.  Id. at 8.  Petitioner was not employed and applied for disability.  Id.

Petitioner has additional diagnoses: chronic abdominal pain, irritable colon, disc disease, sciatica, bilateral sensory hearing loss, hyperlipidemia, multiple thyroid nodules, prediabetes, sialadenitis, cavernoma, hypertension, bursitis, gluteus medius or minimus syndrome, it band syndrome, gastroesophageal reflux disease, and vitamin B12 deficiency.  Id. at 9.  Petitioner is 58 years old.  P-T Wolf noted petitioner had poor posture with forward flexion at the waist, forward head, and rounded/forward shoulders.  Id.

On December 16, 2014, petitioner saw a gastroenterologist, Dr. Daniel J. Virnig.  Id. at 44.  She had a history of sphincteroplasty for constipation in 1982 followed by incontinence.  She had referrals to the pelvic floor center and gastroenterology ("GI") clinics for similar complaints in 2003, with a normal EGD at the time except for a hiatal hernia.  Id.  Dr. Virnig notes petitioner had intermittent symptoms for up to 20 years.  Id. at 45.  She also had a component of irritable bowel syndrome.  He did not know what was causing petitioner's symptoms.  Petitioner complained of heart burn and abdominal pain.  Her symptoms started many years before but resolved until three years previous, i.e., 2011, when they returned.  "Now it feels like everything causes problems."  Id.  She stated 18 years earlier, she went to Africa and was given some antibiotics for a GI illness which "fixed" her symptoms for 18 years.  Id.  One of the other notes states petitioner was given "bacteria."  Id.

On March 2, 2015, Dr. Vinig noted that the gastric emptying scan showed gastroparesis.  Id. at 59.  Augmentin did not improve her abdominal symptoms but did fix some chronic ear

2

discomfort. She had not been following a gastroparesis diet. TUMS improved her symptoms. Petitioner said she thought her symptoms were worse since she was in a car accident this past summer (2014). Id. On June 17, 2015, petitioner told a P-T Jennifer E. Bredeson that she had a history of motor vehicle accidents that led to right lower extremity pain specifically at her knee. Id. at 64. Her first car accident was before 2006. She had a car accident in the summer of 2014 and her knee problems related to that accident. Petitioner worked as a nursing assistant in the past for about two years and went to nursing school but did not finish the program.

On December 28, 2015, petitioner saw CNP Michelle L. Schorn as a GI follow up. Id. at 92. Petitioner continued to complain of abdominal pain and reflux symptoms. She thinks her symptoms are worse since the car accident in 2014. She was not following a gastroparesis diet. She stated she has a lot of stress in her life and that eating was her stress relief. Petitioner wanted antibiotic treatment because she felt she had H. pylori. Id. CNP Schorn would not order antibiotics. Id. at 94. This upset petitioner. Petitioner refused EGD testing. Dr. Virnig came in to talk to petitioner. Id.

On January 29, 2016, petitioner saw CNP Schorn. Id. at 98. Testing showed she did not have Helicobacter pylori. Petitioner continued to say she wants H. pylori treatment and that if CNP Schorn did not give her that treatment, she did not want any other testing or anything else done at that time. She stated the visit was a colossal waste of time. Id. Petitioner felt that she had been having blood in her stool due to her stool sitting for long periods of time in her colon. Id. at 99. She felt that bacteria was the reason why her food was moving up through her esophagus and to the back of her throat. She was very adamant that she wanted antibiotic treatment and that CNP Schorn needed to "google this because you medical people need more education." Id. At the end of the appointment, petitioner refused any more treatment except if CNP Schorn would order treatment for H. Pylori. Id. Petitioner was doing three enemas a day and states she has to do this to use the toilet. Id. at 100. CNP Schorn was concerned that petitioner might injure her colon. Petitioner refused any more testing. Petitioner stated her birthday was in November 1953, not May 1960. She could not remember what day in November her birthday was. CNP Schorn was concerned with petitioner's mental health. Id.

On August 16, 2017, Dr. Irshad Jafri, a gastroenterologist, saw petitioner. Id. at 134. Petitioner saw her PCP and insisted on trying erythromycin, which her PCP gave her. Petitioner returned to Dr. Jafri's clinic, saying she did not have any improvement in her postprandial pain and constant nausea with postprandial vomiting. She said she could not eat anything and lost 15 pounds since the beginning of the year. Id. Petitioner insisted on being treated for H. pylori. Id. at 135. Dr. Jafri stated petitioner had significant GERD which her gastroparesis and lax lower esophageal sphincter probably exacerbated. Plus she has a hiatal hernia. Petitioner insisted on being treated for H. pylori even though there is no objective evidence of ongoing infection. However, Dr. Jafri gave her a prescription for triple antibiotic therapy for 10 days. Id.

On March 22, 2018, petitioner went to the Emergency Department ("ED") at Regions Hospital with left-sided pain and tailbone pain after being assaulted. Id. at 141. She was assaulted in her home and struck on the left side of her head, losing consciousness. When the

police and medics came, she was lying on her bedroom floor screaming.  Id.  Petitioner was diagnosed with contusion of the scalp and of the coccyx.  Id. at 143.

The undersigned sees no mention of a vaccine injury in any of these records dating from 2014-2018.  The undersigned doubts there was a reasonable basis to file this petition.

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation."  Grant, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact.  Id. at 1148.

Petitioner must show not only that but for flu vaccine, she would not have had whatever reaction she thinks she had, but also that flu vaccine was a substantial factor in causing whatever reaction she thinks she had.  Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion.  The medical records do not support petitioner's allegations.  Petitioner has not filed any medical opinion in support of her allegations.

Moreover, petitioner asserted during a recorded telephonic status conference when she was still pro se that her reaction began the day after her vaccination, which means that she filed her petition more than 36 months after the onset of her alleged reaction.  42 U.S.C. § 300aa-16(a)(2).  She received flu vaccine on September 1, 2014.  She said her reaction began on September 2, 2014.  She filed her petition on September 12, 2017, after the statute of limitations had run.

The undersigned **DISMISSES** this petition for failure to prosecute, failure to make a

prima facie case of causation of fact, and failure to file her petition within the statute of limitations.

## CONCLUSION

This case is now **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated:  October 29, 2018                                                          /s/ Laura D. Millman
                                                                                                    Laura D. Millman
                                                                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

prima facie case of causation of fact, and failure to file her petition within the statute of limitations.

## CONCLUSION

This case is now **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated:  October 29, 2018                                    /s/ Laura D. Millman
                                                            Laura D. Millman
                                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.